## Socci v. Schnable

*Samuel A. Litzenberger*, for plaintiff.
*Rodney Henry*, for defendants.

GARB, *J.*, August 31, 1977—This is an action to quiet title brought by plaintiff to confirm his title to a certain lot or piece of real estate located and situate on Route 309 in Richland Township, Bucks County, Pa., which he acquired for our purposes as a result of a deed from the County Commissioners of Bucks County by deed dated October 3, 1972, and recorded in the Office for the Recording of Deeds by and for Bucks County in deed book 2054, page 106. This deed from the county commissioners purported to be a conveyance of the property in question herein to which the county commissioners acquired title as a result of a sale conducted by the Bucks County Treasurer on August 4, 1952, as a result of the alleged default in payment of taxes by the then owners of the said property, defendants herein. Defendants have filed an answer to the complaint as well as a counterclaim alleging the invalidity of the original tax sale and therefore requesting that both the treasurer's deed of August 4,

1952, into the county commissioners as well as the county commissioners' deed to plaintiff be declared null and void. The matter was tried before the undersigned without a jury under and pursuant to Pa.R.C.P. 1067 as a result of which we hereby enter our decision and decree.

Defendants assert the invalidity of the tax sale and therefore the infirmity of the treasurer's tax deed because of the alleged failure of the county treasurer to give adequate and appropriate notice of the holding of such sale as required by the Act of May 29, 1931, P.L. 280, sec. 7, as amended, 72 P.S. §5971g, and secondly because of the inadequacy of the description of the property contained in the treasurer's tax deed. We conclude that defendants' position with regard to the latter alleged infirmity is well taken and will, therefore, limit our decision herein to that question.

It is now well settled that no tax sale of land is valid unless both the assessment and the conveyance by the treasurer contained sufficient description to identify and disclose the property taxed and sold. It is not necessary that the description be by metes and bounds, but the land must be so identified that the owner, the collector and the public can determine what property is being assessed or sold: Bannard v. New York State Natural Gas Corporation, 448 Pa. 239, 293 A. 2d 41 (1972). See also Miller v. Leopold, 23 Pa. Commonwealth Ct. 483, 353 A. 2d 65 (1976), and Cantwell v. Henzler, 9 D. & C. 2d 21, 6 Bucks 273 (1956). Plaintiff asserts that his title emanates from the treasurer's tax deed to be found in treasurer's deed book no. 16, page 275, which describes the property sold as follows: "A certain lot, tract or piece of seated land, situate in the township of Richland in the County of Bucks

described as follows, lot route 309 adj. Robert E. Leight which was rated and assessed with taxes in the name of George J. and Margaret Schnable . . ."

Although pithy to say the least, without more this brief description would be an adequate basis upon which to identify the property in question. At the hearing we received in evidence a survey drawing showing the alleged property in question together with the adjacent properties both to the north and the south laid out in courses and distances. We likewise received in evidence an abstract or search of title prepared by a qualified title searcher. This abstract of title shows that Robert E.L. Leight and Jennie E. Leight, his wife, by deed dated January 6, 1920, and recorded in the Office for the Recording of Deeds by and for Bucks County in deed book 437, page 242, took title to a tract of land located and situate in the Township of Richland, Bucks County, Pennsylvania, comprising and constituting approximately 72 acres. By deed dated December 11, 1944, and recorded in the Office for the Recording of Deeds by and for Bucks County in deed book 752, page 16, the said Robert E.L. Leight and Jennie E. Leight, his wife, did convey to defendants herein a certain tract of land constituting 1.013 acres being a part of the approximately 72 acres acquired by Mr. and Mrs. Leight in 1920. This property acquired by the defendants herein is shown by the title searcher to contain the property in question herein together with the tract both to the north and the south of it lying along route 309 at its intersection with Franklin Lane. We likewise have in evidence a deed of June 8, 1949, recorded in the Office for the Recording of Deeds by and for Bucks County in deed book 909, page 329, in which defendants herein conveyed a portion of the aforesaid premises to one

Gaetano Porpora and Mae, his wife, which property constitutes the tract of land immediately to the south of the property in question and which is presently in title to plaintiff herein. Likewise in evidence is a copy of a deed dated December 31, 1948, in which defendants herein did convey another portion of the aforesaid premises to one Connell R. Grillo and Constance M., his wife, which property constitutes the northernmost portion of the property originally acquired by defendants and which lies immediately to the north of the property in question and which is now in title to one Allen C. Morrow. By comparing the descriptions of these two adverse conveyances from defendants herein, we are able to determine without much difficulty the portion of land remaining between those two conveyances which allegedly constitutes that portion remaining to defendants after these two conveyances and the portion which was allegedly sold at the tax sale in 1952.

If the foregoing constituted the entirety of the record, we would have no difficulty in determining that the description in the tax deed is sufficient. However, two other treasurer's tax deeds were offered in evidence by defendants, each extracted from treasurer's deed book no. 16 and found respectively at pages 273 and 274 thereof. Each is described as a lot, tract or piece of seated land situate in the Township of Richland which was rated and assessed with taxes in the name of George J. and Margaret Schnable and each was as a result of a tax sale held on August 4, 1952. In the former the property is more particularly described as "one acre route 309 adj. Robert E. Leight" and the latter described as "route 309 adj. Robert E. Leight." If, in fact, the treasurer's tax deed claimed by plaintiff as his source of title is sufficient in description

adequately to describe the property in question, as we would find without more, then, equally so, each of these other two deeds would likewise adequately describe the same premises. In fact, it is clear on this record that three separate parcels were sold, each belonging to defendants on the same day, for default in payment of taxes. We have no way on this record of adequately identifying the premises in question with any of these three treasurer's tax deeds and, certainly not with that one claimed by plaintiff. Therefore, it is obvious that the description contained therein in light of all of the surrounding circumstances is inadequate to identify properly the premises which were sold. For this reason, we can only conclude that plaintiff's action to quiet title must fail.

We recognize that by virtue of the Act of June 20, 1939, P.L. 498, sec. 7, 72 P.S. §5971(l), the tax sale once confirmed shall be deemed conclusive. The tax sale in question was confirmed absolutely on October 20, 1952. That being the case, it has been held that a treasurer's deed can be defeated only by fraud or want of authority to sell, and even gross defects or irregularities are cured by the absolute confirmation of the sale. See Miller v. Leopold, supra. However, our difficulty in applying the conclusive nature of the sale to this case is, as demonstrated, that on this record it is totally unclear whether or not this particular piece of property was the subject of the tax sale in question. Therefore, it is not a matter of going behind the conclusiveness of the sale as a result of the final confirmation, but rather a lack of proof to show that the property in question was in fact subject to the tax sale of August 4, 1952.

With regard to the counterclaim, however, the relief sought by defendants does not flow naturally

from our denial of plaintiff's action to quiet title. To some extent, at least, defendants have undone themselves in the proof they offered to defeat plaintiff's claim. Defendants request that we declare the tax sale held on August 4, 1952, of the three parcels of land of defendants to be void, that we direct the prothonotary to cancel as void and invalid upon this record the three deeds of the treasurer of Bucks County to the county commissioners recorded in treasurer's deed book 16 at pages 273, 274 and 275, and to direct the recorder of deeds to cancel as void and invalid the deed of the county commissioners to plaintiff herein. The difficulty with this request for relief is that if, in fact, three separate sales were held and the county commissioners took title as a result of all three sales, we have no way of knowing whether or in what manner the county commissioners have divested themselves of the other two tracts or pieces of real estate. Therefore, in order for us to declare all three treasurer's tax deeds invalid and all three deeds from the treasurer to the county commissioners invalid or void, we would be affecting the rights of any purchasers from the county commissioners, at least, of the other two tracts. They, obviously, are not parties to this action and such relief affecting their very real property rights would be inappropriate ex parte. Therefore, defendants' requests for relief in this cause and on this record must be denied.

## ORDER

And now, August 31, 1977, for the reasons stated in the foregoing opinion it is hereby ordered, directed and decreed that both the complaint and the counterclaim in this action to quiet title are dismissed.